POSTAL TELEGRAPH-CABLE CO. *v.* KUHNEN.

LUMPKIN, J. 1. Where the order granting a rule nisi on a motion for a new trial provided that the movant should have until the hearing to prepare and present for approval a brief of the evidence, and if it should not have been filed in the clerk's office before the date of the hearing, the movant should be allowed ten days thereafter to file it; and where the bill of exceptions based on the overruling of the motion recited that "a brief of the evidence was approved and made part of the record by the court," and the brief of evidence specified and sent up as a part of the record had on it the words "examined and approved," signed by the presiding judge, there being nothing to show that it was not duly filed, a motion to dismiss the bill of exceptions, on the ground that no brief of evidence was approved or ordered filed as such or so filed, is without merit, although the entry of filing is not in the transcript of the record.

2. If the defendant, over the objection and against the protest of the plain- tiff, entered upon his land and dug holes and erected telegraph posts there without authority of law, in an action of tort he would be entitled to at least nominal damages if no special damages were shown. If a telegraph company desires to condemn land for its poles and wires, a mode of determining damages is prescribed by law. But if, without any authority of law, it enters upon and appropriates land without any con- demnation and against the will of the owner, it becomes a mere tres- passer, and is liable in damages, as such, for the violation of the owner's right of property.

3. It was error for the court to charge that "The Postal Telegraph-Cable

Company, when they lay off a right of way by condemnation proceedings, take it twenty feet wide. . . They erect their posts, clear off the timber so that it won't interfere with the right of way." There was no evidence to authorize such a charge, and the statement of what the company did under such proceedings was irrelevant to the present case.

4. The defendant having denied that it appropriated any of the plaintiff's land, a charge which stated this but added, "or if they have appropriated any of it, it is a very small amount," was erroneous; and it was not corrected by adding that the defendant did not admit owing any damages. If the defendant admitted unlawfully appropriating even a small amount of the plaintiff's property, it would be liable, whether it admitted liability or not.

5. A charge that if the defendant erected its line along the edge of the public highway, on land already set apart for use as a public road, the plaintiff would have no right to recover, "unless the right of way that he talks of, twenty feet wide, would reach over and beyond the public road," was erroneous. This was calculated to lead the jury to believe that, even though the defendant did not enter on or take any of the land of plaintiff, yet if some "right of way" twenty feet wide, which "he talks of," extended beyond the road, there might be a recovery on that basis. The plaintiff is not excepting to this charge.

6. A further charge that "it is for the jury to determine what the truth is, under the evidence, and as to whether the right of way of the telegraph company would reach out over and beyond the public highway," was erroneous for the same reason.

7. A ground of objection to a portion of the charge, that there was no evidence of any trespass on which to base a charge on that subject, was not well taken.

8. The charge was somewhat general as to the measure of special damages, if any were shown; but this can be corrected on another trial.

*Judgment reversed. All the Justices concur.*

Submitted July 18,—Decided November 16, 1906.

Action for damages. Before Judge Kimsey. Habersham superior court. October 11, 1905.

*Felder, Rountree & Wilson* and *Howard Thompson,* for plaintiff in error.